# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| CHARLOTTE JENNINGS, | CIVIL ACTION NO. 6:05-CV-00036 |
| *Plaintiff,* | |
| v. | ORDER AND OPINION |
| FOOD LION, L.L.C., | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motion to exclude expert testimony, filed on May 3, 2006. Plaintiff offers one of her treating physicians, Dr. Shawn B. Clark, as an expert to testify that her August 23, 2003 fall in Food Lion caused her back injuries. Defendant argues that this testimony is inconsistent with Plaintiff's expert disclosures and would prejudice Defendant.

Pursuant to the parties' amended pretrial order, Plaintiff designated Dr. Clark as one of her expert witnesses and stated that these experts would give opinions "consistent with the opinions in their medical records which were provided in the plaintiff's Fed. R. Civ. P. 26(a) initial disclosures." Defendant argues that nowhere in the medical records provided does Dr. Clark opine that Plaintiff's fall caused her injuries. In response, Plaintiff cites both Ms. Jennings' intake form and a statement she apparently made to Dr. Clark on December 11, 2003, where she stated that she had suffered a fall before the onset of her symptoms. The mere fact that Plaintiff

mentioned the fall and Dr. Clark recorded it, however, does not constitute an opinion by Dr. Clark that the fall caused Plaintiff's eventual back problems. Plaintiff cannot bootstrap herself into a showing of causation in this way. After a careful review of the records submitted by Plaintiff in connection with Dr. Clark's testimony, the Court is convinced that he nowhere opines or even suggests that Plaintiff's fall caused her back injury. Hence, his testimony to this effect would be inconsistent with Plaintiff's initial disclosures and contrary to the parties' amended pretrial order. Although the pretrial order allows for supplemental disclosures, the lateness of Dr. Clark's designation as the causation expert, some thirty-two days before trial and well after the expiration of the discovery deadline, removes this from the realm of permissible supplemental disclosures.

It is therefore ORDERED that any opinion by Dr. Clark inconsistent with those expressed in the Rule 26(a) disclosures offered by Plaintiff is hereby excluded. Dr. Clark may not testify that Plaintiff's fall in Food Lion caused her back injury or back surgery.

In the alternative, the Court is willing to vacate this order and grant a continuance in this case if the parties agree to an amended discovery schedule allowing Defendant sufficient time to respond to Plaintiff's designation of Dr. Clark as its causation expert.

It is so ORDERED.

The Clerk of the Court is directed to send a copy of this Order to all parties.

ENTERED: *[signature]*
U.S. District Judge

5/16/06
Date